David J. McCULLOUGH and Winifred
McCullough, Plaintiffs,

v.

F.D.I.C. as Receiver of the Bank of
New England, N.A., Defendant.

Civ. A. No. 91–12852–H.

United States District Court,
D. Massachusetts.

April 10, 1992.

William H. Sheehan, III, Pearl, McNiff, Crean, Cook & Sheehan, Peabody, Mass., for plaintiffs.

Michael P. Ridulfo, Deutsch, Williams, Brooks, DeRensis, Holland & Drachman, Daniel I. Small, Widett, Slater & Goldman, P.C., John Foskett, Deutsch, Williams, Brooks, DeRensis, Holland & Drachman, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

The plaintiffs brought this action against the FDIC in its capacity as receiver of the failed Bank of New England ("BNE"). In their Complaint the plaintiffs allege that BNE was the financier and co-developer of an industrial condominium project in which the plaintiffs bought four units. The plaintiffs funded this purchase with a promissory note from the BNE in the amount of $350,000 secured by a mortgage on the units. Plaintiffs allege that at the time of this sale BNE was aware that the property was subject to a Notice of Responsibility, issued by the Massachusetts Department of Environmental Quality Engineering ("DEQE"), requiring the removal of hazardous waste located on the property and that BNE failed to inform plaintiffs of this fact. Based in part upon BNE's failure to disclose this material information, the plaintiffs brought one count each for misrepresentation and violation of Mass.Gen.L. ch. 93A.

The defendant FDIC filed a Motion to Dismiss asserting that any claims made by the plaintiffs are grounded in undocumented agreements and are thus barred under the doctrine enunciated by the Supreme Court in *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and codified in 12 U.S.C. § 1823(e). The *D'Oench* doctrine prevents the use of so-called "secret agreements" in asserting a claim against a failed financial institution which has been taken over by the FDIC. Section 1823(e) renders unenforceable any agreement which "tends to diminish or defeat" the interests of the FDIC unless such agreement:

(1) is in writing;

(2) was executed by such insured bank in default and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the deferred bank in default;

(3) was approved by the board of directors of such insured bank in default or its loan committee, which approval shall be reflected in the minutes of said board or committee; and

(4) has been continuously from the time of its execution, an official record of such insured bank in default.

12 U.S.C. § 1823(e).

The issue before this Court is whether a failure to disclose material information constitutes an "agreement" within the meaning of the *D'Oench* Doctrine and Section 1823(e) such as would serve to bar the plaintiffs' claims.[1] In the landmark case of *Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), the Supreme Court read the term "agreement" expansively to include fraudulent misrepresentations since such statements are, in effect, fraudulent warranties. Later cases have further expanded the *Langley* Court's broad definition of "agreement" to include the non-disclosure of material information. *See, e.g., FDIC v. Bell*, 892 F.2d 64 (10th Cir.1989), *cert. dismissed, Bell v. FDIC*, 496 U.S. 913, 110 S.Ct. 2607, 110 L.Ed.2d 286 (1990); *FDIC v. Sullivan*, 744 F.Supp 239 (D.Colo.1990); *McCaugherty v. Siffermann*, 772 F.Supp. 1128 (N.D.Cal.1991). *Cf. Grant County Savings & Loan v. RTC*, 770 F.Supp. 1374 (E.D.Ark.1991).

This Court has carefully reviewed all of the relevant cases dealing with this issue and finds the reasoning in the *Bell* line of cases to be more persuasive. While the *Langley* case involved an affirmative misrepresentation, the basis of the Supreme Court's reasoning was not the *nature* of the fraud, but rather that the bank's action constituted a fraudulent warranty. *See Langley v. FDIC*, 484 U.S. at 90–91, 108 S.Ct. at 400–01; *FDIC v. Bell*, 892 F.2d at 66. Indeed, nothing in the *Langley* opinion provides a logical basis for differentiating between *types* of fraud. It is the end result that is important. *Langley*, 484 U.S. at 93, 108 S.Ct. at 402. Thus, "[i]f fraudu-

lent warranties fall within the reach of the statute, it is irrelevant whether the fraud was caused by overt misrepresentation or deceitful omission." *Bell* 892 F.2d at 66.

This Court therefore determines that BNE's failure to disclose to the plaintiffs the existence of the DEQE's Notice of Responsibility constituted an "agreement" within the meaning of 12 U.S.C. § 1823(e). Because this agreement was obviously unwritten, plaintiffs' claims based thereon are barred against the FDIC under the *D'Oench* doctrine and 12 U.S.C. § 1823(e).

The *D'Oench* doctrine is a policy determination created to provide the FDIC with immunity from successor liability. There is no reason for this policy to be eroded by the artificial distinction as to whether the fraud alleged was passive nondisclosure rather than active misrepresentation.

For the reasons stated above, this Court hereby GRANTS Defendant's Motion to Dismiss all counts of the Plaintiffs' Complaint.

SO ORDERED.

---

1. There is no dispute between the parties that any affirmative representations made by BNE concerning the condition of the land, which would constitute "fraudulent warranties" are barred against the FDIC pursuant to the Su-

preme Court's decision in *Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987). Plaintiffs concede that to the extent that their Complaint relies upon such affirmative misrepresentations it is barred against the FDIC.