**David J. McCULLOUGH and Winifred M. McCullough, Plaintiffs, Appellants,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Bank of New England, N.A., Defendant, Appellee.**

No. 92–1584.

United States Court of Appeals, First Circuit.

Heard Oct. 6, 1992.

Decided March 12, 1993.

William H. Sheehan, III with whom Pearl, McNiff, Crean, Cook & Sheehan, Peabody, MA, were on the brief, for plaintiffs, appellants.

Michelle Kosse, Counsel, F.D.I.C., with whom Ann S. DuRoss, Asst. Gen. Counsel, Colleen B. Bombardier, Washington, DC, Sr. Counsel, Daniel I. Small, and Widett, Slater & Goldman, P.C., Boston, MA, were on brief, for defendant, appellee.

Before TORRUELLA, Circuit Judge, BROWN,* Senior Circuit Judge, and STAHL, Circuit Judge.

STAHL, Circuit Judge.

In *Langley v. Federal Deposit Ins. Corp.*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), the Supreme Court ruled that 12 U.S.C. § 1823(e) [1] shields the

---

\* Of the Fifth Circuit, sitting by designation. Judge Brown (now deceased) heard oral argument in this matter, and participated in the semble, but did not participate in the drafting or the issuance of the panel's opinion. The remaining two panelists therefore issue this opinion pursuant to 28 U.S.C. § 46(d).

1. 12 U.S.C. § 1823(e) provides:

No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan com-

Federal Deposit Insurance Corporation ("FDIC") from essentially all claims of misrepresentation relating to any asset acquired by it under 12 U.S.C. §§ 1821 or 1823. This appeal requires us to decide whether this rule should apply in situations where the "misrepresentation" at issue actually is an unlawful failure to disclose crucial information. Believing that the *Langley* rule does apply, we affirm the district court's order 788 F.Supp. 626, dismissing the underlying complaint against the FDIC.

Plaintiffs-appellants David J. and Winifred M. McCullough initiated this action by filing a complaint seeking damages and an order enjoining defendant-appellee FDIC from collecting on a promissory note made by plaintiffs in favor of the FDIC's predecessor-in-interest, the Bank of New England ("BNE"). The note was given in exchange for a loan which plaintiffs used to purchase four units of an industrial condominium project ("the project") in which BNE had a significant interest because of loans made to the original developer and a competing developer. Plaintiffs contend, *inter alia*, that when BNE extended the loan, it failed to disclose to them that the project was subject to a Notice of Responsibility ("NOR"), previously issued by the Massachusetts Department of Environmental Quality Engineering. The NOR required the removal of certain hazardous waste on the property.[2] In plaintiffs' view, the aforementioned omission constituted misrepresentation and a violation of the Massachusetts Consumer Protection Act,

Mass.Gen.Laws Ann. ch. 93A, §§ 2 and 11 (West 1984 & Supp.1992).

The FDIC responded to plaintiffs' complaint by filing a motion to dismiss. As the basis therefor, the FDIC argued that the *Langley* rule applies as much to the nondisclosure of information as to an affirmative misrepresentation. After a hearing, the district court agreed and issued a memorandum and order granting the FDIC's motion. In so doing, the court joined an ever expanding number of courts that have explicitly endorsed the FDIC's argument. *See Federal Deposit Ins. Corp. v. State Bank of Virden*, 893 F.2d 139, 144 (7th Cir.1990); *Federal Deposit Ins. Corp. v. Bell*, 892 F.2d 64, 66 (10th Cir.1989), *cert. dismissed*, 496 U.S. 913, 110 S.Ct. 2607, 110 L.Ed.2d 286 (1990); *In re NBW Commercial Paper Litigation*, No. 90–1755(RCL), 1992 WL 73135, at *11 (D.D.C. March 11, 1992); *Federal Deposit Ins. Corp. v. Hudson*, 800 F.Supp. 867, 870–71 (N.D.Cal. 1990); *Federal Deposit Ins. Corp. v. Sullivan*, 744 F.Supp. 239, 242–43 (D.Colo. 1990).[3]

On appeal, plaintiffs assert that the overwhelming prevailing consensus is incorrect. In essence, plaintiffs' argue that an unlawful omission of the type at issue cannot be viewed as a form of "agreement" to which § 1823(e) applies, as "there is nothing on the table to agree to; no promise, condition, or warranty is made." *See Grant County*, 770 F.Supp. at 1381. Although possessing some surface appeal, plaintiffs' contention fails when analyzed in light of

---

mittee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, an official record of the depository institution.

**2.** In their complaint, plaintiffs also alleged that BNE made affirmative misrepresentations at the time the loan agreement was negotiated, but have since conceded that federal law precludes them from proceeding on the basis of these allegations. *See generally Langley*, 484 U.S. at 90–93, 108 S.Ct. at 400–02.

**3.** At the time the district court issued its memorandum and order, one court had departed

from existing authority and decided that § 1823(e) does not bar claims based upon an unlawful omission. *See Grant County Savings & Loan Assoc. v. Resolution Trust Corp.*, 770 F.Supp. 1374, 1379–82 (E.D.Ark.1991). This decision was, however, reversed while the instant appeal was pending. *See Grant County Savings & Loan Assoc. v. Resolution Trust Corp.*, 968 F.2d 722 (8th Cir.1992). While the reversal was premised on other grounds, the Eighth Circuit, in *dicta*, expressed its doubt as to the district court's conclusion that § 1823(e) did not apply to an unlawful omission. *See id.* at 724 (indicating that defendant's argument that § 1823(e) barred plaintiff's claim for failure to disclose "ha[d] merit").

the theoretical foundation upon which *Langley* rests.[4]

■ The holding in *Langley* depends upon and flows from the following observation: as a matter of contractual analysis, a contractually bound party's attempt to avoid a contractual obligation and/or to seek damages through a claim of misrepresentation is nothing more than a challenge to the truthfulness of a warranty made by another party to the contract, and a concomitant claim that the truthfulness of that warranty was a condition of the first party's performance. *See Langley*, 484 U.S. at 90–91, 108 S.Ct. at 400–01. In other words, the claim is analogous to one for breach of warranty, with the warranty being a condition precedent to performance. Therefore, because such a warranty falls within the purview of the term "agreement,"[5] this type of breach of warranty claim cannot be asserted against the FDIC unless the warranty meets the requirements of § 1823(e). *See id.* at 91–92, 108 S.Ct. at 401–02.

■ We can find no logical basis for this reasoning not obtaining with equal force where the misrepresentation at issue arises out of a non-disclosure of information. In terms of the facts of this case, it makes no difference whether BNE affirmatively stated that the project was not subject to the NOR or tacitly indicated this was so by not informing plaintiffs of the NOR. Either way, plaintiffs' misrepresentation claim is tantamount to a challenge to the truthfulness of BNE's warranty that the project was free of any NOR, and a claim that the truthfulness of this warranty was a condition of plaintiffs' performance. *See Langley* at 90–91, 108 S.Ct. at 400–01. The non-disclosure at issue here can only be actionable at common law as a misrepresentation if it falls into a narrow range of circumstances allowing it, somewhat fictionally, to be treated as an assertion. *Cf.* Restatement (Second) of Contracts, § 161 (listing those situations in which a non-disclosure is "equivalent to an assertion" and actionable as a misrepresentation); Restatement (Second) of Torts, § 551 (1977) (listing those situations in which a non-disclosure is actionable as tortious misrepresentation and noting that a person against whom·a successful non-disclosure claim is brought will be "subject to the same liability … as though [s/]he had represented the nonexistence of the matter that [s/]he has failed to disclose"). Thus, adoption of plaintiffs' view would require us to endorse this quasi-fiction for purposes of viewing the non-disclosure as an asserted misrepresentation, but to reject it for purposes of viewing the non-disclosure as a *de facto* warranty in conducting our § 1823(e) analysis. We are not inclined towards so one-sided an approach.

Not only does the conclusion that § 1823(e) applies to misrepresentations based upon non-disclosures follow naturally from the Supreme Court's analysis in *Langley*, it also comports with common sense. We join the Seventh and Tenth Circuits in being unable to articulate any rational basis for a regime in which such misrepresentations are outside the scope of the statute while affirmative misrepresentations are not. *See generally State Bank of Virden*, 893 F.2d at 144; *Bell*, 892 F.2d at 66. Indeed, we think it apparent that Congress could not have intended that the statute be so construed. Moreover, we share Judge Lamberth's view that "permitting suit on omissions would practically swallow the *Langley* rule since parties can generally turn a[n affirmative] misrepresentation into an omission by means of artful pleading." *In re NBW*, 1992 WL 73135, at *11.

---

4. Apparently conceding that our ruling as to whether § 1823(e) applies to unlawful non-disclosures also resolves the propriety of the district court's dismissal of their ch. 93A claim, plaintiffs confine their argument to the misrepresentation context. We believe that this approach is appropriate, and accordingly so confine our discussion.

5. As the Supreme Court noted, "[T]he term 'agreement' often has 'a wider meaning than promise,' and embraces [a warranty, the truthfulness of which is] a condition upon performance." *Id.* at 91, 108 S.Ct. at 401 (quoting Restatement (Second) of Contracts § 3, Comment a (1981)).

874

Before concluding, we observe that plaintiffs' complaint does not make entirely clear whether the misrepresentation claim sounds in contract or tort. Such fact, however, has no bearing on our analysis. We previously have held that the common law doctrine announced in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), of which § 1823(e) is somewhat loosely described as the codification, "bars defenses and affirmative claims whether cloaked in terms of contract or tort, as long as those claims arise out of an alleged secret agreement." *Timberland Design, Inc. v. First Service Bank for Savings*, 932 F.2d 46, 50 (1st Cir.1991).[6] In so doing, we remarked that "[t]o allow [a party] to assert tort claims based on [a secret] agreement would circumvent the very policy behind *D'Oench* [.]" *Id.* Clearly, the genesis of plaintiffs' claim, whether the claim is framed in contract or tort, is the alleged warranty made by BNE regarding the NOR. As such, the claim is barred.

In sum, we are persuaded to join that body of authority which has concluded that § 1823(e) applies as much to misrepresentation claims based upon non-disclosures as to those based upon affirmative assertions. Thus, we believe that § 1823(e) governs plaintiffs' misrepresentation claim. Accordingly, because this claim arises out of an alleged warranty that was unwritten and otherwise did not comply with the requirements of the statute, we hold that the district court properly ruled that the claim cannot, as a matter of law, be asserted against the FDIC.

*Affirmed.* No costs.

---

6. Obviously, in *Timberland,* we were considering the application of *D'Oench* to contract and tort claims. We see no reason, however, why our ruling in *Timberland* should not also be implemented where § 1823(e), *D'Oench*'s statutory partner, is being applied. *See Castleglen, Inc. v. Resolution Trust Corp.,* 984 F.2d 1571, 1574–75 (10th Cir.1993) (holding that § 1823(e) precludes tort claims, as well as contract claims, arising out of unrecorded agreements).