**RESOLUTION TRUST CORPORATION,**
**Plaintiff–Appellee,**

v.

**Francine EHRENHAUS, Defendant–**
**Appellant.**

**No. 93–3866.**

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 3, 1994.

Decided Aug. 29, 1994.

Jennifer L. Sherman, W. Scott Porterfield, Barack, Ferrazzano, Kirschbaum & Perlman, Chicago, IL, Jennifer H. McCoy, Brian B. Myers (argued), Lathrop & Norquist, Kansas City, MO, for plaintiff-appellee.

William H. Gifford, Jr. (argued), Shefsky & Froelich, Chicago, IL, for defendant-appellant.

Before POSNER, Chief Judge, and BAUER and KANNE, Circuit Judges.

POSNER, Chief Judge.

The Resolution Trust Corporation, as successor to a bankrupt savings and loan association, Home Federal Savings Association of Kansas City, brought this suit to recover some $7 million from Francine Ehrenhaus on

a guaranty that she had given Home Savings. Her defense was common law fraud—Home Savings had concealed the fact that the value at which it had appraised the nursing homes to which it made the loans that she had guaranteed was lower than what the bank knew to be the value she ascribed to them. The district judge granted the RTC summary judgment on the ground that Ehrenhaus's defense of fraud was barred by the doctrine of *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), as codified by 12 U.S.C. § 1823(e). That doctrine, originally one of federal common law, now a statute, provides (so far as bears on this case) that unwritten agreements between a federally insured financial institution and its borrowers or other obligors are not enforceable against the federal banking authorities when as receivers or otherwise they step into the financial institution's shoes. Ehrenhaus argues that she is not trying to enforce any unwritten agreement that she may have had with Home Savings; she is just trying to enforce her common law right to complain about fraud.

As an original matter this is an appealing argument, but it is scotched by *Langley v. FDIC,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), and later decisions. *FDIC v. State Bank of Virden,* 893 F.2d 139 (7th Cir.1990); *FDIC v. Bell,* 892 F.2d 64 (10th Cir.1989); *McCullough v. FDIC,* 987 F.2d 870 (1st Cir.1993). The borrowers in the *Langley* case claimed that the federally insured financial institution had fraudulently induced them to buy a tract of land and finance the purchase with the bank. The fraudulent inducements consisted of deliberately false oral representations concerning the size of the tract and whether there were any mineral leases on it. The Court held that these representations were in the nature of warranties, hence contractual, hence unenforceable against the regulatory authorities because oral. The Court distinguished "fraud in the factum," which would have made the financing contract with the bank void and not merely voidable.

In this case we have fraudulent omissions rather than fraudulent misrepresentations, but *Virden* and *Bell* extend *Langley* to omissions. It is true that our decision, *Virden,* does so only in a sentence: "If the debtor can't use the bank's lies to block repayment, it can't use material omissions either—for the half-truth is one form of lie." 893 F.2d at 144. Ehrenhaus calls this a mere dictum, hence not binding on us. She confuses brevity and dicta. They are not synonyms. The sentence we have just quoted is a holding because the case did involve material omissions: the holding is that they are not actionable in a suit against the federal banking authorities. *Bell* and *McCullough* have somewhat more extended discussions of the issue, and they reach the same result as *Virden.* As a practical matter—if the law is not to be Mr. Bumble's "a ass, a idiot"—the result is inevitable after *Langley.* A contrary result would produce the incomprehensible anomaly that borrowers had greater remedies against the nondisclosure of material facts than against outright lies. It is no doubt odd that the *D'Oench, Duhme* doctrine and its statutory codification, which say nothing about tort remedies, should extinguish borrowers' fraud remedies; but the Supreme Court crossed that bridge in *Langley,* and we must follow quietly. The exception for fraud in the factum, illustrated by the case in which the borrower's signature is forged on the promissory note to the bank, does not make much sense from the standpoint of enabling the regulatory authorities to take the assets of the bank at face value; it rests on the fiction that a contract induced by fraud is an "agreement" within the meaning of section 1823(e) but that a forged contract is not (or, we daresay, one induced by a threat). But the exception is recognized in *Langley,* and anyway inapplicable here. Relief from *Langley*'s harsh rule must come from Congress, if anywhere.

AFFIRMED.