**Rafiki Ekundu DIXON, also known as Rafiki Ekundu Maulana Mohhommed, Petitioner–Appellant,**

v.

**BOYSVILLE OF MONROE; St. Clair County Probate Court; Michigan Family Independence Agency, Respondents–Appellees.**

No. 00–1577.

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

Before BATCHELDER and MOORE, Circuit Judges; BERTELSMAN, District Judge.*

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*ORDER*

Herman Dixon, father of petitioner Rafiki Dixon, appeals a district court order striking his motion for reconsideration, submitted with respect to the district court's judgment dismissing Rafiki's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Rafiki Dixon, a minor, was convicted by a jury of criminal sexual conduct, fourth degree, by the Probate Court of St. Clair County, Michigan, and was made a temporary ward of the court to be supervised by the Department of Social Services. The Michigan Court of Appeals affirmed Rafiki's conviction in an opinion issued on December 6, 1996, and the Michigan Supreme Court denied leave to appeal. Rafiki filed a federal habeas corpus petition, presenting four grounds for relief. The district court denied Rafiki's § 2254 petition in an opinion and order entered on December 17, 1999. A separate judgment was entered the same day.

On April 5, 2000, Herman Dixon filed a motion for reconsideration or, in the alternative, a notice of appeal from the December 17th judgment. That motion, signed only by Herman (in contrast to the § 2254 petition, which was signed by Rafiki), sought review and reconsideration of Rafiki's petition by a different judge because Judge Cleland was an assistant prosecutor in a criminal case involving Herman in the early 1970's. The district court ordered

this pleading stricken from the record in an order filed on May 7 and entered on May 18, 2000, on the ground that Herman had not met the prerequisites for status as "next friend" for his son and that, therefore, "Herman Dixon remains a stranger to this case and, as such, may not file documents on behalf of Rafiki Dixon." Herman Dixon signed a notice of appeal from this order.

On appeal, Herman Dixon argues that the district court erred in striking his motion for reconsideration and thus denying Rafiki meaningful access to the court. He claims that, as Rafiki's father, "he has been a party to these proceedings since the inception."

The district court's decision to strike a pleading is reviewed for abuse of discretion. *F.D.I.C. v. Kooyomjian*, 220 F.3d 10, 15–16 (1st Cir.2000); *Whitted v. General Motors Corp.*, 58 F.3d 1200, 1203 (7th Cir. 1995). Decisions that are reasonable, i.e., not arbitrary, will not be overturned. *Whitted*, 58 F.3d at 1203. Upon review, we conclude that the district court's decision to strike Herman Dixon's motion for reconsideration in this case was eminently reasonable for the reasons stated in its order.

Accordingly, the district court's order, entered May 18, 2000, striking Herman Dixon's motion for reconsideration is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.