Georgina C. MCDONALD fka Georgina C. Surles, Plaintiff–Appellant,

v.

DAIMLERCHRYSLER MOTORS CORPORATION; Galeana's Van Dyke Dodge Dealership, Defendants–Appellees.

No. 01–1586, 01–1808.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.[*]

---

[*] The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

### ORDER

In Case No. 01–1586, Georgina C. McDonald, a pro se Michigan plaintiff, appeals a district court order and judgment granting summary judgment to the defendants in her civil action filed pursuant to the court's federal question jurisdiction. In Case No. 01–1808, McDonald appeals the district court's order striking her second amended complaint. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

McDonald, formerly known as Georgina Surles, sued the defendant automotive manufacturer (DaimlerChrysler) and automobile dealership (Galeana's Van Dyke Dealership or GVDD), asserting four causes of action arising out of her purchase and subsequent abandonment of a 1998 Dodge Ram 2500 pick-up truck with attached snowplow. In Count I, she alleged willful deception and failure to notify of defects in violation of 16 C.F.R. § 20.1. In Count II, she claimed breach of implied warranty of merchantability in violation of Michigan's Uniform Commercial Code. In Count III, McDonald alleged that the defendants partially and inconspicuously disclosed the terms and conditions of the warranty in violation of the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* In Count IV, she asserted that the defendants' actions caused her extreme emotional distress, economic loss, and loss of business opportunity, and destroyed her credit-worthiness. She sought compensatory and punitive damages.

In an opinion filed on January 23 and entered on January 24, 2001, the district court granted the defendants' motion for summary judgment and dismissed McDonald's amended complaint in its entirety. A separate judgment was entered the same day. The district court denied McDonald's motion for rehearing, construed as a motion for reconsideration, in an opinion and order entered on March 23, 2001. McDonald's timely appeal was docketed in this court as Case No. 01–1586.

After her motion for reconsideration was denied, McDonald submitted a second amended complaint, which was filed by the clerk's office. The district court struck this second attempt to amend the complaint in an order entered on April 23, 2001, because a judgment dismissing the action had already been entered and no order granting leave to file the second amended complaint had issued. McDonald's motion for relief from this order was denied on May 11, with the district court's order entered on May 14, 2001. McDonald's appeal was docketed as Case No. 01–1808.

On appeal in Case No. 01–1586, McDonald continues to argue that the defendants failed to disclose the warranty and manual as required by the Magnuson–Moss Warranty Act. In addition, she claims that the defendant fraudulently sold her a vehicle with 247 miles on it as new in violation of Mich. Comp. Laws Chapter 257, that the fraudulent concealment violated Mich. Comp. Laws § 600.5855, and that the district court was biased against her because she was black, female, and proceeding pro se.

On appeal in Case No. 01–1808, McDonald argues that the district court erred in striking her second amended complaint. She again complains of bias on the part of the district court.

Upon review, we affirm the district court's judgment and order. This court reviews a grant of summary judgment *de novo.* *Thompson v. Ashe,* 250 F.3d 399, 405 (6th Cir.2001). Summary judgment is proper only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter

of law. Fed.R.Civ.P. 56(c); *Thompson,* 250 F.3d at 405. In considering the motion, the court must view the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, in the light most favorable to the nonmoving party. *Id.* "However, the party opposing the motion may not rely solely on the pleadings and must adduce more than a mere scintilla of evidence; if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Id.*

■ McDonald does not raise on appeal her issues involving willful deception and failure to notify of defects in violation of 16 C.F.R. § 20.1, breach of implied warranty of merchantability, and the various state law torts listed in Count IV. Accordingly, those issues are considered to be abandoned and are not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). In any event, they are meritless for the reasons stated by the district court.

■ McDonald's claim of fraudulent concealment, brought under Michigan law, was not presented to the district court in her amended complaint. As a general rule, this court will not consider arguments newly made on appeal. *United States v. Watkins,* 179 F.3d 489, 505 (6th Cir.1999). There is no reason to depart from the general rule in this case. We, nonetheless, note that McDonald signed the odometer statement and that Mich. Comp. Laws § 600.5855 does not create a private cause of action for fraudulent concealment, and is thus inapplicable to McDonald's case.

McDonald continues to raise her claim that the defendants partially and inconspicuously disclosed the terms and conditions of the warranty in violation of the Magnuson–Moss Warranty Act and this claim is properly before the court for review. However, it, too, is without merit.

■ Even if it is assumed that McDonald's purchase of the truck at issue was a consumer purchase covered by the Act, she has failed to identify any term or condition of the warranty that was not "fully and conspicuously disclosed in simple and readily understood language" in the warranty booklet. *See* 15 U.S.C. § 2302(a); *Motor Vehicle Mfr. Ass'n of the U.S., Inc. v. Abrams,* 899 F.2d 1315, 1317 (2d Cir.1990). McDonald does not refute GVDD's assertion that it typically provides the warranty information for the vehicles it sells by placing it in the glove compartment of the vehicle and that the warranty information for the truck she purchased was thus provided to her. McDonald has identified no genuine issue of material fact and the defendants are entitled to judgment as a matter of law on her Magnuson–Moss Warranty Act claim. Therefore, the district court's grant of summary judgment is affirmed.

The district court's decision to strike a pleading is reviewed for abuse of discretion. *F.D.I.C. v. Kooyomjian,* 220 F.3d 10, 15–16 (1st Cir.2000); *Whitted v. General Motors Corp.,* 58 F.3d 1200, 1203 (7th Cir. 1995). " 'Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment.' " *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir.1996) (quoting *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989)). Decisions that are reasonable, i.e., not arbitrary, will not be overturned. *Whitted,* 58 F.3d at 1203.

■ The district court did not abuse its discretion in striking McDonald's second amended complaint. Leave of the court is required to amend a complaint once the defendants have filed an answer. Fed. R.Civ.P. 15(a). In this case, not only had

the defendants responded to McDonald's amended complaint, but final judgment had been entered and the case dismissed. Under these circumstances, the district court's decision to strike the pleading was eminently reasonable.

Finally, McDonald's bald assertion in both appeals that the district court was biased against her because she is black, female, and proceeding pro se are wholly conclusory and unsupported by any specific facts. As such, it does not merit relief.

Accordingly, the district court's judgment (Case No. 01–1586) and order (Case No. 01–1808) are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Before SUHRHEINICH and COLE, Circuit Judges; COLLIER, District Judge.*